Grover, J.
It is insisted by the counsel for the respondent that it was in the discretion of the court whether to *598 hear and determine the motion of the appellant, or leave him to the remedy of returning the answer served as void for want of a verification, and of entering judgment for want of an answer; and that, therefore, the order is not appealable to this court. If correct in the premises, he is in the conclusion. (Code, § 11, sub. 4.) If it was in the discretion of the court, whether or not upon motion, to determine whether the answer must be verified, the order denying the motion to set it aside is not reviewable by this court, although the court did entertain the motion and did deny it, as appears from the opinion, upon the ground that a verification was unnecessary. The order is appealable if the appellant had the right to have the question determined upon motion, although' the court might have, in its discretion, imposed terms upon granting or denying it. The discretion, as to terms to be imposed, does not affect the appealability of the order to this court when a motion has been improperly granted or denied absolutely. That the question whether or not a pleading must be verified is one of substantial right is, I think, clear If the law required that it should be verified, the party upon which it is served has an absolute right to insist that it shall be to constitute a pleading in the cause. If it does not require a verification, the party serving it has an absolute right to serve it without, and to insist that it shall be treated as a valid pleading. Whether the order is appealable depends upon the question whether a party has an absolute right to have the "question, whether the proposed pleading complies with the law and the practice of the court, and has been pro properly served, determined in the one case by a motion to strike it out, and in the other, where there has been a refusal to receive it, by motion to compel its acceptance as a pleading in the cause, or whether it is discretionary with the court to decide the question upon motion,, or leave the parties to the remedy of rettirning the pleading in the former case and taking subsequent steps in the case, upon the ground that there was no such pleading, and have the question determined upon the motion of his adversary to set aside such subsequent *599 proceedings, or in the latter wait until subsequent proceedings are had, and then move to set the same aside. I think that the correct and better practice is, that when a question arises whether a pleading has been made and served according to law and the practice of the court, so as to become a part of the pleadings in the case to give either party the • right to a speedy and summary determination of the question upon motion without requiring either to take any further proceedings in the case at the peril of having them set aside in case of a decision adverse to him, or of permitting a final judgment to stand in case the paper tendered was not sufficient or in time. I believe the uniform practice of all the courts is in accordance with these views, and that such a motion was never denied upon the ground that it was in the discretion of the court whether it would consider and determine the question presented upon motion, or compel the parties to proceed further in the case, relying upon the respective views of each upon the controverted question. This appears to have been the view of both the General and Special Term in the present case, for both heard and determined the motion upon the merits without any intimation as to any discretion in the premises. The complaint was for money loaned by the plaintiff to the defendant, and was verified. This required the verification of all the subsequent pleadings. (Code, § 156.) The answer was not verified, and the respondent claims that he had a right to make it without verifying it under section 1, of chapter 75, Laws of 1854, page 153. That provides that the verification of any pleading in any court of record in this State may be omitted in all cases where the party called upon to verify would be privileged from testifying as a witness to the truth of any matter denied by-such pleading. The language of this section shows that it was the intention to extend the exemption from the necessity of verification given by section 157 of the Code to all cases where the party would be privileged from testifying. That section provides that verification may be omitted when an admission of the truth of the allegation might subject the *600 party to prosecution for a felony. From this it appears that the exemption was applicable to cases only where the pleading to be answered contained allegations,'the admission of which would tend to show the party making it guilty of a felony. If it had been intended to extend to cases of new matter set up in avoidance of the pleading to be answered or to counter-claims thereto, other and different language showing such an intention would have been adopted. In such case the language used would have been in substance: The verification may be omitted when the pleading contains allegations which might subject the party to a prosecution for a felony.
The intention of section 1, chapter 15, to confine the exemption to cases of answering allegations contained in the adverse pleading, either by an admission or denial thereof, is equally clear, when the party called on to verify would be privileged from testifying as a witness to the truth of any matter denied by such pleading; that is, denied by the pleading to be verified. By this it was intended that, in all cases where the pleading to be answered contained allegations showing the adverse party guilty of any offence as to which he would be privileged as a witness from giving accusatory evidence against himself, he might in answer deny such allegations without oath, and thus compel his adversary to prove the same.
An answer may contain a general or specific denial of the facts alleged in the complaint, and also new matter in avoidance of such facts by way of defence, and also any counterclaims the party may have.
I think it clear that the exemption in the Code, and the act of 1854 were designed to apply to cases only where the accusatory matter was contained in the pleading to be answered, and thus remove the temptation to perjury, if such matter was true, by enabling the party to deny the allegations without oath. But neither the Code nor the act of 1854 gives to a party the right to set up new matter in avoidance founded upon accusations against himself as to which lie would be privileged from testifying as a witness without a verification of the same. The accusa *601 tion here is the voluntary act of the party himself, and there is no reason for permitting him to derive a benefit from accusing himself of a crime unless he is willing to overcome the presumption in favor of his innocence by his oath to the contrary. Unless a verification of such allegations is necessary, a defendant may always avoid verifying his answer by insertoing therein new matter, falsely showing the claim of the plaintiff founded upon or connected with some offence of the defendant as to which he would be privileged from testifying as a witness. The opinion of the learned judge at Special Term shows that he adopted this construction of the statute, but he held that the answer was in substance a denial of the complaint.
There is nothing in the complaint tending to show that any offence had been committed by any one. An admission of everything contained therein would show nothing done or omitted by the defendant, except failing to pay money borrowed, according to his promise. The answer is a little obscure; but the substance of it is, so far as this point is concerned, that the money was borrowed for the purpose of paying certain drafts drawn by the plaintiff upon the defendant and accepted by him, the consideration of which was the price of certain tickets in a lottery authorized by the government of Cuba, which were sold by the plaintiff to the defendant in the city of ISTew York, to be resold by the defendant to others within the State, and which were so resold by the defendant within the State. This is not a denial of any fact contained in the complaint, but an attempt to avoid such facts by an allegation of new matter, showing that the loan was so connected with an offence against the law of the State, committed by the parties, that the law would not sustain an action for the recovery thereof. This does not bring the case within the act of 1854. The defendant could not have been injured by verifying-his answer if the facts therein alleged were true. The Code (§ 157) provides that no pleading can be used in a criminal prosecution against the party as proof of the facts therein alleged.
*602 The order appealed from must be reversed with costs of this court, and an order entered striking out the answer, with leave to the defendant to serve an answer duly verified on payment.of such costs within ten days after service of an adjusted bill of the same.
All concur.
Ordered accordingly.